ORDER
FORDHAM, JUDGE:
An application of the claimant, Tom Christian, for an award imder the West Virginia Crime Victims Compensation Act, was filed May 21, 2004. The report of the Claim Investigator, filed September 23, 2004, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on December 2, 2004, upholding the Investigator’s recommendation and denying die claim, in response to which the claimant’s request for hearing was filed February 25, *194 2005. This matter came on for hearing June 23, 2005, the claimant appearing pro se and the State of West Virginia by counsel, Benjamin F. Yancey III, Assistant Attorney General.
On February 26, 2004, the claimant’s 62-year-old father, Harry Christian, was the victim of criminally injurious conduct in Charleston, Kanawha County. He had apparently intervened in an argument, and was fatally shot. This Court’s initial denial of an award was based upon the Claim Investigator’s finding that the facts surrounding the incident were unclear.
The claimant stated at the hearing of this matter that, according to witnesses who testified at the trial, Robert Eric Haynes, the oifender, was arguing with his girlfriend at the residence of the claimant’s father. The argument had cooled and the offender was walking away when he suddenly turned, pulled out a gun, and shot the claimant’s father. The offender later pleaded guilty to first-degree murder.
The claimant further testified that he needs assistance with the funeral bill of $2,450.00. The claimant stated that he made a payment of $1,250.00 to the funeral home, but submitted no documentation of that payment. Submitted into evidence was an account summary from Bartlette-Burdette-Cox Funeral Home, which revealed an outstanding balance of $1,250.00 plus interest of $56.25, for a total of $1,306.25.
In response to a question regarding the autopsy report, which showed cocaine present in his father’s system, the claimant stated that “it was from the previous night,” and that he had been at his father’s residence the day of the shooting. The claimant stated that he left approximately one half hour before the offender arrived. The claimant also revealed that his father was a Medicaid recipient, and that he was on oxygen and would not have had the strength to fight the offender.
At the direction of the Court, the claim was held open pending receipt of the transcript of the plea hearing in Kanawha County Circuit Court before Judge Tod J. Kaufman, which document was received December 14, 2005.
According to the plea agreement, the factual basis for the plea was that on February 26, 2004, the offender committed murder when he intentionally took a handgun and fired two shots into an unarmed victim, Tom Christian, one in the head, and one in the chest. The offender was in no way justified in shooting Mr. Christian.
Based upon the foregoing, the Court finds that the claimant’s father was in fact an innocent victim of crime, and that an award of compensation is warranted.
According to information obtained from the funeral home, the original bill of $2,450.00 was offset by a payment of $1,250.00 from the West Virginia Division of Health and Human Resources, leaving a balance of $1,200.00. Therefore, an award in that sum is hereby granted as set out below. Should the claimant later submit documentation of any additional unreimbursed allowable expenses relating to this incident, they will be reviewed by the Court at that time.
Bartlette Burdette Cox Funeral Home
513 Tennessee Ave.
Charleston WV 25302
FEIN: 55-0568150
FIMS: 103936
$1,200.00